I must respectfully dissent from the majority's conclusion in the second assignment of error.
In order to find a defendant to be a sexual predator, the trial court must have before it clear and convincing evidence. R.C.2950.01(E); 2950.09(B)(3). In Ohio State Bar Assn. v. Reid
(1999), 85 Ohio St.3d 327, the court reiterated its definition of clear and convincing evidence as set forth in Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus:
 Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
It is the majority's application of this standard in the casesub judice which prompts this dissent.
This court has recently held that there may be times when the circumstances of an underlying sexually oriented offense may tend to suggest that the offender is likely to commit such offenses in the future. State v. Norwood (April 8, 1999), Cuyahoga App. No. 73633, unreported. While the appellant in the case sub judice
committed a sexually oriented offense on one occasion, that fact, in and of itself, does not necessarily establish by clear and convincing evidence that the appellant, is more likely than not, predisposed to commit another sexually oriented offense. In Statev. Ward (Jan. 28, 1999), Cuyahoga App. 72371, unreported, this court stated:
 [S]imply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is "likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended [that result], it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
Moreover, this "statute is not a `one strike and you're out.'"Ward, supra, as cited in Norwood, supra.
Turning to the evidence before the trial court in this specific case, as the majority points out, the only evidence presented was the sexual predator evaluation performed by the court psychiatric clinic. In this report, Dr. Noffsinger set forth, with reasonable medical certainty, three factors indicating that the appellant would have a good prognosis if released. Dr. Noffsinger also sets forth, with reasonable medical certainty, four factors indicating that the appellant would have a poor prognosis if released.
Without disclosing every detail of the report, suffice it to say that the report sets forth such facts as that the appellant received a G.E.D. during the period of incarceration and has taken additional college level courses; the appellant has undergone a year-long sex offender program; and, that one psychological evaluation stated that the appellant represents a moderate risk to persons and a minimal risk to property if paroled.
Another test cited by Dr. Noffsinger, but administered by another psychologist, indicated that the appellant's profile is often associated with chronic and intense anger. That particular psychologist found the appellant's scores on an assessment of dangerousness and risk included a very volatile history of previous violence, and a history of violence at a young age, poor work stability, mood-altering chemicals, illegal/antisocial behavior, and maladjustment in school. Dr. Noffsinger's report noted that the psychologist's report also state that since the appellant's incarceration, the appellant has gained increased insight and a more positive attitude, a lessening of his aggressive symptomatology, better personal stability and a willingness to participate in self-improvement programs. Dr. Noffsinger also stated that the appellant has no diagnosis of mental illness.
The above-referenced positive statements regarding the appellant do not require the court to ignore the heinous crime the appellant committed. However, this court may not selectively ignore the fact that Dr. Noffsinger also cited three factors indicating a positive prognosis and other positive steps taken by the appellant during incarceration. On balance, Dr. Noffsinger's report is simply even-handed.
It is my opinion that the state failed to show by clear and convincing evidence that the appellant is a sexual predator. Dr. Noffsinger's report, absent other evidence, is not sufficient to provide a firm belief or conviction that the appellant is likely to commit an offense in the future.